257 So.2d 363

**John Paul HARBUCK, a minor suing by and through his father and next friend, Arnold Harbuck**

**v.**

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, a Corporation, et al.**

**4 Div. 42.**

Court of Civil Appeals of Alabama.

Jan. 19, 1972.

**504**

Wm. D. Melton, Evergreen, for appellant.

Albrittons & Rankin, Andalusia, for appellee.

**BRADLEY, Judge.**

The sole question presented to this court for answer here is whether or not the trial court improperly limited the issues allegedly raised in the case by preventing appellant from arguing in his opening statement an assumed issue.

Plaintiff filed a two count complaint— simple negligence and wantonness—against the defendant railroad in which he sought damages for a collision between his automobile and a train operated by defendant's employees.

After a trial the jury found for defendant, and plaintiff moved for a new trial. This was denied and plaintiff now appeals from the original judgment and the denial of his motion for a new trial.

The facts in the case are these:

Between 8 and 8:30 in the morning of July 10, 1969, appellant was driving a car which was pulling a horse trailer. There were two passengers in the car and a horse in the trailer.

Appellant stated that he was traveling about 20 m. p. h. as he approached the railroad crossing where the collision occurred, with the windows in the car up and the air conditioner and radio on.

He testified that when he was about 6 to 10 feet from the railroad tracks, he saw the train and heard the train's whistle blowing, and he immediately applied the brakes. The car came to rest with the front end just over the first rail of the railroad track.

The two passengers jumped out of the car just before the train hit it. The appellant remained in the car until after the collision.

Appellant stated that there were trees and heavy undergrowth on the railroad right-of-way near the crossing that prevented him from seeing the train until he was about 10 feet from the track. There was a stop sign at the crossing that was visible to motorists on the road.

Appellant estimated the speed of the train at the first moment he saw it to be 45 m. p. h.

Appellant also stated that he lived in the area, was familiar with the crossing, and had crossed it many times.

The conductor, who was seated on the left side of the cab, stated that the train was traveling 20 to 25 m. p. h. as it approached the crossing and the engineer was blowing the whistle. When the train was about 120 feet from the crossing, he saw the car approaching the crossing, going from left to right across the tracks.

The conductor said that it appeared to him that the car would be unable to stop, and when the train was about 80 feet from the crossing, he applied the emergency brakes.

He stated that the car came to rest with the front end just over the first rail, and as it did so, the train hit it. Just before the collision, two kids jumped out of the car.

The conductor said the train traveled about 160 feet after the collision before it was stopped.

At the beginning of the trial and during the appellant's opening statement to the jury, the following occurred:

"THE COURT: You gentlemen may state your case to the jury.

"MR. MELTON: States the case to the jury, and in his opening statement, Mr. Melton made the following remark: 'The railroad did not maintain that right-of-way because the embankment was grown up in growth in a dilapidated manner.'

"WHEREUPON, the following colloquy took place:

"MR. ALBRITTON: We object to that. That is not an issue.

"THE COURT: Yes, sustain.

"MR. MELTON: I have a case on that point that I would like to show you because I want to refer to that theory.

"THE COURT: All right."

In brief, appellant said that he had two theories of recovery in the case, i. e., "wantonness and the condition of the crossing," but that the trial court prevented him from presenting his case on "the condition of the crossing" by its ruling in regard to the above excerpt from his opening statement to the jury.

In his brief, appellant relies on the case of Alabama Great Southern R. Co. v. Johnston, 281 Ala. 140, 199 So.2d 840, yet states specifically, "The plaintiff did not file a suit based on the negligence (sic) maintenance of the crossing, . . ."

In *Johnston,* supra, the following is found:

"We think the better rule is that unnecessary obstructions such as trees, bushes, shrubs and tall grass, growing on a railroad right of way, which obstruct the view of a traveler approaching a grade crossing, do not constitute actionable negligence; but such circumstances may be considered in determining whether the railroad company exercised ordinary care in the operation of its train or rolling stock at a particular time."

In the instant case the appellant did not, as was done in *Johnston,* supra, allege as an issue in the case negligent maintenance of the railroad right-of-way adjacent to and in the immediate vicinity of the crossing where the collision occurred; instead his complaint alleged negligent and wanton operation of the train by the defendant's employees.

We necessarily must assume that the trial court understood appellant's statement to the jury to mean that the alleged negligent maintenance of the area in the immediate vicinity of the crossing was an issue in the case, for the appellant stated in brief that this was one of the two theories on which the case was to be tried. Furthermore, the Supreme Court in *Johnston,* supra, had said that such negligence was not actionable, but that evidence of such condition could be shown under the count alleging negligent operation of the train.

**506**

The trial court did just that. It affirmed that the negligent maintenance of the railroad right-of-way was not an issue in the case, but, during the taking of testimony, permitted several witnesses to testify as to the condition of the railroad right-of-way in the vicinity of the crossing, all in keeping with the rule laid down in *Johnston,* supra.

We find no reversible error in the ruling of the trial court sustaining objection to the above portion from appellant's opening statement to the jury.

Affirmed.